```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Planned Parenthood of the         :
Columbia/Willamette, Inc.,
et al.,                           :

    Plaintiffs,                  :

  v.                              :    Misc. Case No. 2:05-mc-0002

American Coalition of Life        :
Activists, et al.,
                                  :
    Defendants.

ORDER

    This action, in which plaintiffs seek to enforce a judgment against defendant Michael Bray which was rendered by the United States Court for the District of Oregon, is now before the Court to consider Mr. Bray's motion to stay proceedings pending the issuance of a mandate from the Ninth Circuit Court of Appeals. At the time he filed his motion, the mandate had been stayed so that he could seek a writ of *certiorari* from the United States Supreme Court. He has since filed that petition. Plaintiffs oppose the granting of a stay. For the following reasons, the motion for a stay will be denied.

    Initially, the Court must determine whether it has the power to grant the requested stay. Plaintiffs assert that, because the judgment was entered in another judicial district and has simply been registered in the Southern District of Ohio, the Court is powerless to grant a stay. Plaintiffs also point out that the same request for a stay has been denied both by the United States District Court for the District of Oregon and the United States Court of Appeals for the Ninth Circuit, and that Mr. Bray has not posted a supersedeas bond in the District of Oregon in order to

obtain a stay.

The case law is both sparse and conflicting on the issue of this Court's power to stay a judgment of another District Court when that judgment has been registered in this District solely for purposes of enforcement.  The United States Court of Appeals for the Fifth Circuit, in <u>Gullet v. Gullet</u>, 188 F.2d 719 (1951), held that the registration of a judgment is a ministerial act only and that the Court of registration has no power to vacate or stay enforcement of the judgment.  On the other hand, the Court of Appeals for the Seventh Circuit, in <u>United States for use and benefit of Hi-Way Elec. Co. v. Home Indemnity Co.</u>, 549 F.2d 10, 13 (7th Cir. 1977) held that the registration of a judgment under 28 U.S.C. §1963 is "more than a ministerial activity" and that the Court of registration can entertain a motion for a stay.  According to that court, the motion "is addressed to the sound discretion of the district court in the same manner as motions seeking a stay of an original proceeding in the district court."  <u>Id</u>. at 14.  That construction of 28 U.S.C. §1963 seems consistent with the language contained in the last sentence of the first paragraph ("[a] judgment so registered shall have the same effect as judgment of the District Court of the district where registered and may be enforced in like manner") and the Court therefore follows that decision.

Fed. R. Civ. P. 62 provides various grounds upon which the enforcement of a judgment can be stayed.  Ordinarily, a money judgment which is still being appealed (which is the situation here) can be stayed only by the giving of a supersedeas bond.  Fed. R. Civ. P. 62(d).  A stay may also be granted according to state law of the state in which the District Court sits.  Fed. R. Civ. P. 62(f).  It is undisputed that Mr. Bray has not posted a supersedeas bond.  The only reason he advances for the requested stay pending a final review of his case by the United States

Supreme Court is that it would be wholly consistent with the Court of Appeals' stay of its mandate to stay enforcement of the judgment because his case is an important one and they will be reviewed by the United States Supreme Court.  Presumably, however, he made this same argument to the Court of Appeals for the Ninth Circuit, which refused to stay enforcement of the underlying judgment.  This Court will not read into the Ninth Circuit's decision to stay issuance of its mandate any intent on the part of that court that another district court in which the judgment has been registered should stay enforcement proceedings. On that issue, the Ninth Circuit Court of Appeals has spoken directly, and it has refused Mr. Bray relief.

Further, the Court is entitled to consider, even if it had the equitable discretion to grant a stay in the absence of a supersedeas bond, whether there have been earlier efforts to obtain a stay and whether the court which has entered the judgment has denied a stay.  See, e.g. Keeton v. Hustler Magazine, 815 F.2d 857 (2d Cir. 1987).  Here, Mr. Bray has requested a stay both from the District of Oregon and the Ninth Circuit Court of Appeals and was denied a stay because he has not posted a supersedeas bond in those courts.  That factor weighs heavily against any request for a stay, as does the chance that the United States Supreme Court will grant review in this case. If the Federal Rules contemplated an automatic stay during the pendency of any appeal, including the petition for a writ of *certiorari* from the United States Supreme Court, the rules would have so provided.  Instead, they place a much heavier burden on the party seeking the issuance of the stay and generally require monetary protection to be provided to the holder of a judgment in order to insure that, if the appeal is unsuccessful, the judgment creditor will not be prejudiced as a result of having been prevented from executing on the judgment during the pendency of

an appeal.

In his reply, Mr. Bray argues that the potential for the Supreme Court to grant *certiorari*, coupled with the harm he will suffer if a stay is not granted, including the invasion of his privacy if a judgment debtor examination is completed, all favor a stay.  The Court notes that, again, the same arguments could be advanced by any judgment debtor.  The completion of this examination is not a substantial intrusion into Mr. Bray's privacy, and there is a potential for prejudice to plaintiff if another indefinite postponement occurs.  That is why the general principles set forth in Rule 62 make the filing of a bond the usual prerequisite for granting a stay.  This case is not so extraordinary that a departure from the normal course of events is warranted.

For all of these reasons, the Court, although it concludes that it has discretion to grant a stay in this case, chooses to exercise that discretion to deny the stay.  The motion for a stay (#29) is therefore denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

4

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge