```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Planned Parenthood of the           :
Columbia/Willamette, Inc.,
et al.,                             :

      Plaintiffs,                   :

   v.                               :    Misc. Case No. 2:05-mc-0002

American Coalition of Life          :    JUDGE SARGUS
Activists, et al.,
                                    :
      Defendants.

<u>ORDER</u>

      This miscellaneous action, in which the plaintiffs seek to collect a judgment entered in the District of Oregon against defendant Michael Bray, is before the Court to consider a motion of Jayne Bray, Michael Bray's wife, to intervene.  Supporting, opposing, and reply memoranda have been filed.  For the following reasons, the motion to intervene will be granted.

      The background of the motion to intervene can be set forth simply.  After significant litigation in this Court concerning the enforceability of the judgment, the Court issued a writ of execution against certain real and personal property in which Michael Bray allegedly has an ownership interest.  His wife, who appears to have an interest in the real property subject to execution and who may have some interest (either directly or on behalf of her minor children) in the personal property, has moved to intervene in order to assert her claim of ownership.  Plaintiffs, noting that timeliness is a factor to be used in evaluating a motion for leave to intervene, assert that Ms. Bray has been aware for some time that a writ of execution might issue and has also been aware for some time that the writ would cover

real or personal property in which she or her minor children might have some interest.  Consequently, they assert that she should have moved for leave to intervene shortly after this action was filed, rather than waiting for approximately 20 months and then filing her motion on the eve of the impending seizure and sale of the assets in question.  For the following reasons, the Court concludes that the plaintiffs' timeliness issue is not well-taken.

     Ms. Bray has made a motion to intervene under Fed. R. Civ. P. 24(a) and (b).  Rule 24(a) provides that upon "timely application" a party is permitted to intervene when, *inter alia*, "the applicant claims an interest relating to the property...which is the subject of the action and the applicant is so situated the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest...."  Clearly, timeliness is an issue with respect to Rule 24(a) intervention, as is the question of whether the applicant both has an interest in the property involved in the case and whether proceeding in the absence of the applicant will impair the applicant's ability to protect that interest.

     The Court has broad discretion to permit parties to intervene under Rule 24(b), and that rule is to be construed liberally.  See, e.g., German by German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385 (S.D.N.Y. 1995).  The focus of the inquiry is on the timeliness of the application and the potential for prejudice to existing parties.  United States v. City of New York, 179 F.R.D. 373, 381 (E.D.N.Y. 1998), aff'd 198 F.3d 360 (2d Cir. 1989).  However, the Court may also consider other "relevant factors [such as] the nature and extent of the intervenor's interest, any contribution the intervenor's presence will have on the just and equitable adjudication of the matter, and whether the intervenor's interests are adequately protected

by the parties of record." Mrs. W. v. Tirozzi, 124 F.R.D. 42, 45 (D. Conn. 1989). Although adequacy of representation by an existing party is a consideration, it is not dispositive, and the Court may permit a party to intervene if the presence of that party will enhance representation of an interest already asserted, or even when the intervenor's interests are completely and adequately represented by an existing party. See, e.g., Eljer Manufacturing v. Liberty Mutual Insurance Co., 773 F. Supp. 1102, 1108 (N.D. Ill. 1991), rev'd on other grounds, 972 F.2d 805 (7th Cir. 1992); Austell v. Smith, 634 F. Supp. 326, 334-35 (W.D. N.C.), appeal dismissed, 801 F.2d 393 (4th Cir. 1986).

 Here, although it may have been possible for Ms. Bray to intervene when this action was filed, until it was clear that the Court was going to permit the execution to proceed, either her interest or her children's interest in the property was not directly implicated. Further, although not directly related to the timeliness of the motion, the Court notes that several courts have suggested that there is a due process interest in permitting a non-party spouse to contest the enforcement of a judgment against property in which the spouse has an interst. See, e.g., Gagan v. Sharar, 376 F.3d 987 (9th Cir. 2004); Bally Case & Cooler v. H. Kaiser Associates, 514 F.Supp. 352 (S.D. Fla. 1981); Mission Day Campland v. Sumner Financial Corp., 71 F.R.D. 432 (N.D. Fla. 1976). Consequently, the Court should be somewhat solicitous of a request to intervene when the right asserted has constitutional overtones.

 Further, it appears that Ohio has provided a statutory remedy for non-parties to assert claims of ownership following the seizure of property pursuant to a writ of execution. See O.R.C. §2329.84 (providing for a specialized summary jury trial almost immediately after seizure of property and the assertion of such a claim). As an alternative to following that statutory

procedure, which would appear to be timely invoked *after* seizure, Ohio courts have permitted claimants such as Ms. Bray to intervene in execution proceedings.  See e.g., Bitter v. Jones, 2000 WL 966021 (Ottawa Cty. App. 2000); Goldblatt v. Environment First Corp., 1977 WL 199895 (Franklin Cty. App. 1977).  Finally, Ohio courts have suggested that there may be civil liability either for persons in the position of the plaintiffs, or for public officials seizing property, if the seizure involves property owned by a non-party and the execution is therefore wrongful as to that person's interest.  See Bethel v. Dunipace, 57 Ohio App. 3d 89 (Hancock Cty. 1988); see also Columbus Finance v. Howard, 42 Ohio St. 2d 178 (1975).  For all of these reasons, it appears to be a sound exercise of discretion to permit Ms. Bray to intervene and assert her interest so that there is no risk of liability should property not belonging to Mr. Bray be sold as a part of the execution authorized by the Court.

The Court does not believe that plaintiffs will suffer any prejudice as a result of the intervention.  Plaintiffs have no interest in executing on property which does not belong to Mr. Bray, the judgment debtor in this case.  Certainly, with respect to any real property in which Ms. Bray has a titled interest, and with respect to any personal property, a disposition of the property could not be made without acknowledging and recognizing her interest, even if the result of such recognition is that she receive a portion of the proceeds of the sale as opposed to preventing the sale from going forward.  The Court remains open for a prompt determination of any disputes about ownership of either real or personal property, and will rely upon Ms. Bray, once she is permitted to intervene, to file a prompt and appropriate pleading setting up that interest.

Based upon the foregoing, the motion of Jayne Bray (#45) to intervene is granted.  Within ten days of the date of this order,

she shall file an intervenor's pleading setting up her interest in any property which is currently subject to a writ of execution in this case.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge