UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PLANNED PARENTHOOD OF THE
COLUMBIA/WILLAMETTE, INC., et al.,

    Plaintiffs,

v.

MICHAEL BRAY, et al.,

    Defendants.

CASE NO. 2:05-mc-002
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## ORDER

This Order memorializes the oral hearing before this Court on April 9, 2013, regarding the sale of the personal property of Michael Bray.

### I.

Plaintiffs in this case hold an unsatisfied judgment against Defendants. On September 18, 2012, this matter came before the Court for an oral hearing on Plaintiffs' Motion to Proceed with the Sale of Personal Property Contained on Defendants' Computer Hard Drives. (Doc. No. 93.) Plaintiffs seek to sell at auction documents found on Defendant Michael Bray's computer hard drives to satisfy the judgment. The United States Marshal is currently in possession of the computer hard drives.

By Order dated September 21, 2012, the Court granted Plaintiffs' request to sell the writings and communications relating to Bray's involvement in the anti-abortion movement that are on the hard drives. (Doc. No. 102.) In that Order, the Court directed the parties to review the documents proposed for sale and to discuss any objections Bray may have to the sale. If the parties could not agree on whether a certain document could be sold, the Court indicated that it

would make that determination.

Out of thousands of pages of documents, the parties ultimately could not agree as to thirty-one (31) documents and seven (7) photographs. The Court directed the parties to brief the issue. Bray filed a Motion to Exclude from Sale Certain Documents (Doc. No. 104), which was fully briefed. Plaintiffs also hand delivered to this Court copies of the documents that are at issue.

On January 15, 2013, this Court issued an Opinion and Order, concluding:

Based on the foregoing, the Court **DENIES** Bray's Motion to Exclude from Sale Certain Documents (Doc. No. 104) to the extent he requests a categorical exclusion of those documents and/or photographs. The parties shall appear at an oral hearing scheduled for **Tuesday, January 29, 2013 at 2:30 p.m.** to discuss each of the disputed documents and photographs that the Court has reviewed *in camera*.

(Doc. No. 107 at 7.)

After several requests to continue the January 29, 2013 hearing, the parties appeared before this Court on April 9, 2013. At that hearing, the parties agreed to the Court's appointment of the following three individuals to appraise Bray's personal property: Mike Pincus, William Van Devanter and Allan Stypeck. Plaintiffs agreed to be responsible for the prepayment of the fees of these appraisers. Plaintiffs indicate that the estimated fees for Mr. Pincus are $1,700; for Mr. Van Devanter they are between $1,000 and $1,500; and for Mr. Stypeck they are between $3,000 and $5,000.

At the hearing the Court indicated that it would withhold its determination as to the disputed documents until these appraisers have provided their reports on the value of the property that has already been determined to be appropriate for sale, and the property is actually sold or at least placed for sale. If the undisputed property has no value, further review will not be

2

necessary. If, however, the undisputed items are sold for value, the Court will decide whether the remaining disputed documents are appropriate for sale. If the Court decides that they are to be sold, the documents will then be provided to the appraisers.

## II.

Based on the foregoing, the Court **APPOINTS** Mike Pincus, William Van Devanter and Allan Stypeck to appraise the personal property of Michael Bray that this Court has determined is appropriate for sale to satisfy the judgment against him. Plaintiffs **SHALL DEPOSIT** advance fees in the amount of $8,250.00 with the Clerk of this Court. The United States Marshal Service will use this deposit to pay the appraisers.

**IT IS SO ORDERED.**

4-18-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT COURT**

3